# B

SUPERIOR COURT
BARNSTABLE, SS
JUL 2 0 2021
FILED
Scott W. Nickerson, Clerk

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT

BARNSTABLE, SS                                    DOCKET NUMBER: 21-261

TIMOTHY CARR                    )
Plaintiff                       )
v.                              )
                                )
Town of Bourne by               )
its Board of Selectmen          )
                                )
Chief of Police of the          )
Town of Bourne,                 )
Police Officer Timothy Derby,   )
Police Officer Kyle Tringali,   )
New England Security            )
Protective Services Agency,     )
Inc., and                       )
James Gracie                    )
Defendants                      )

**Claim for Civil Rights and
Money Damages
G.L.c.258, Under the U.S.Constitution/ 42 U.S.C., §1983
and for Other Causes of Action**

This is a claim for civil rights violation and resulting money damages arising from the unlawful threat of imminent bodily harm to, Mr. Timothy Carr, by the Bourne Police Department by its duly authorized officers, in a situation where during the night, without a search warrant or probable cause, an officer or officers, of the Department, made a forced entry into Mr. Carr's commercial rental, firearm drawn and pointed at him, placing him in great fear that he was going to be shot. The Defendant officers were assisted by Defendant James Gracie, a security guard working for Defendant New England Security Protective Services Agency, Inc.
    The Plaintiff demands trial by jury on all issues so triable.

**Parties**

1.  The Plaintiff, Mr. Timothy Carr, is a private individual, with an address of Post Office Box 781, North Falmouth, Massachusetts 02556.

2.  The Defendant members of the Board of Selectmen of the Town of Bourne have an address of 24 Perry Avenue, Bourne, MA 02532.

Complaint- Page 1

    (Note the composition of the chair and board members changes on an ongoing and unpredictable basis.)

3. The Defendant Chief of Police, of the Town of Bourn Police Department, had an address of 175 Main Street, Buzzards Bay, MA 02532, and now is 35 Armory Road, Buzzards Bay, MA 02532. (Note the actual individual chief holding that position is subject to change on an ongoing and unpredictable basis.)

4. The Defendant Police Officer(s), Town of Bourne, who acted as alleged below in this complaint, who on information and belief are:
   a. Police Officer Timothy Derby working address now at the Bourne Police Department, 35 Armory Road, Buzzards Bay, MA 02532; and,
   b. Police Officer Kyle Tringali working address now at the Bourne Police Department, 35 Armory Road, Buzzards Bay, MA 02532.

5. Defendant New England Security Protective Services Agency, Inc. is located at 206 Broadway, Malden, MA 02148.

6. Defendant James Gracie has an address of 6 Fifth Avenue, Bourne, MA 02532, and during the relevant time period worked as a security guard, as an independent Contractor for the Housing Assistance Corporation located at 1252 Route 28A, Cataumet, MA 02534.

## The Facts

7. During the evening, on or about July 21, 2018, at about 3 a.m., the above named officers of the Bourne Police Department broke into Mr. Carr's office located at 1248 Route 28A, Unit 3, Cataumet, MA 02534, without a warrant, and threatened Mr. Carr's arrest.

8. At that time, Defendant James Gracie was an employee, working as security guard for the above named Defendant New England Security Protective Services Agency, Inc.

9. It was Gracie who had contacted the Bourne Police Department which prompted that Department's reply.

10. After making the call to the Police Department, Gracie assisted the Bourne Police officers when they arrived, taking an active role in assisting them in opening the door to Mr. Carr's office.

11. Said officer, and or officers, entered the office, weapons drawn, at 1248 Route 28A, Unit#9, Cataumet, MA 02534, and told Mr. Carr, "Don't move!"

12. Gracie assisted the Police Officers, including but not limited to, at times, holding the door of Mr. Carr's office open for the Police Officers.

13. At that time Mr. Carr was in his office, seated, with his foot soaking in a bucket that contained hydrogen peroxide because he was in great pain from a foot injury.

14. When Mr. Carr saw a weapon pointed at him, and based on the officer's conduct, he feared that his life was in great danger and that he was about to be shot.

15. Facing down the barrel of a gun, Mr. Carr feared for his life, was placed under severe emotional distress, and truly believed he was going to be shot based on the officers' and Mr. Gracie's conduct and demeanor.

16. The officers actually forced entry into the building where Mr. Carr was staying at, or about, 3:22 a.m. Mr. Carr had a security camera at 1248 Route 28A, Cataumet, MA 02534, and has saved the video footage showing the person he believes was a security guard, and the officers arriving and breaking into the unit.

17. The officers and Gracie broke into the unit without probable cause, and without obtaining a search warrant.

18. After the officers made entry, no charges were filed and no arrest was made.

19. Mr. Carr was placed under the imminent apprehension of grievous physical harm by gunshot.

20. Mr. Carr has further reason to believe that the police officers in the Bourne Police Department may have had a personal animus against him based on his previous encounters with Bourne Police officers over the years, and therefore has reason to believe they acted in a deliberate fashion to place him in fear for his life, even though the officers knew they had no justifiable reason at law to do what they did.

21. On July 8, 2020, Mr. Carr had sent to the Bourne Police Department, and the Bourne Board of Selectmen, a demand letter under the auspices of G.L.c. 258, putting both the Police Department and Town on notice of the facts outlined above and demanding compensation, and requesting a complete report and log from the Police Department of the incident, and putting them on notice that Mr. Carr had a video of the incident.

22. That demand was ignored.

23. On June 19, 2020, Mr. Carr had sent a demand letter under G.L.c.93A to the Housing Assistance Corporation, and to the

      Defendant New England Security Guard, Inc., intending it to be a demand letter under G.L.c.93A, outlining the basis facts of this cause of action arising for the actions of Gracie.

24. HAC replied, in writing, on August 20, 2020, denying any liability and any claim for relief, stating in part that Gracie was acing on his own as an independent contractor for the Defendant New England Security Protective Services Agency, Inc. and that HAC was not liable for his actions.

25. Defendant New England Security Protective Services Agency replied on October 27, 2020, to the letter, denying any liability.

**COUNT I**

**Violation of the Plaintiff's Constitutional Rights
42 U.S.C., §1983
Fourth Amendment of the U.S. Constitution,
and Under Mass.G.L.c.258**

26. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

27. At all relevant times, the Bourne Police officers were acting under the color of state law when they made entry into his commercial rental without a search warrant and pointed a gun at him in so far as they were purporting to enforce state law.

28. Said conduct amounted to an assault upon him and deprived Mr. Carr of the rights, and/or privileges, and/or immunities guaranteed under either/ or federal law and/or the U.S. Constitution.

29. Defendant Gracie participated in the above described Police Officers actions.

30. The Police Department, and/or the Town of Bourne and/ or the above named police officers (who have to be identified with full disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims.

31. Said Town and Police Department did not respond to any of the requests made in the Demand Letter sent to them by Mr. Carr on, or about, July 9, 2020, and therefore, they may be liable to him for damages.

32. The Defendant New England Security Protective Services Agency, Inc. was responsible for the actions of its duly authorized employ, Mr. Gracie, and is liable to Mr. Carr for Gracie's conduct.

33. All of the Defendants owed a duty to Mr. Carr, they breached that duty, either intentionally or negligently, and Mr. Carr has suffered harm because of their actions.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES AGAINST THE DEFENDANTS TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

## Count II
### Assault

34. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

35. As a result of the officers' conduct, Mr. Carr feared he was going to be shot, and was placed in imminent apprehension of bodily harm.

36. As a result of Mr. Gracie's conduct in assisting the Defendant Police Officers, Mr. Carr feared he was going to be shot, and was placed in imminent apprehension of bodily harm.

37. As the said Town and Police Department did not respond to any of the requests made in the Demand Letter sent to them by Mr. Carr on, or about, July 9, 2020, they may be liable to him for damages.

38. The Defendant New England Security Protective Services Agency, Inc. was responsible for the actions of its duly authorized employ, Mr. Gracie, and is liable to Mr. Carr for Gracie's conduct.

39. All of the Defendants owed a duty to Mr. Carr, they breached that duty, either intentionally or negligently, and Mr. Carr has suffered harm because of their actions.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW AGAINST ANY OR ALL OF THE DEFENDANTS, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

## Count III
### Trespass

40. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

41. The Defendant police officers and Defendant James Gracie made entry into Mr. Carr's rental without right or permission.

42. The Defendant New England Security Protective Services Agency, Inc. was responsible for the actions of its duly authorized employ, Mr. Gracie, and is liable to Mr. Carr for Gracie's conduct.

43. All of the Defendants owed a duty to Mr. Carr, they breached that duty, either intentionally or negligently, and Mr. Carr has suffered harm because of their actions.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW AGAINST ANY OR ALL OF THE DEFENDANTS, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

### COUNT IV — Emotional Distress

44. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

45. By their conduct in relation to Mr. Carr, the Defendant Police officer(s) and Mr. Gracie knew, or should have known, that Mr. Carr would suffer emotional distress as a result of their conduct.

46. Said officer(s) knew, or should have known, such emotional distress would arise, and intentionally and/or recklessly proceeded to act as alleged in this complaint against Mr. Carr.

47. The officer(s) conduct was extreme and outrageous, as they subjected Mr. Carr to the threat of grievous bodily harm and/or death, and such conduct by the officer(s) was, and is, intolerable, beyond all reasonable bounds of decency, is is not the type that reasonable persons in a civilized community consider tolerable.

48. The Defendant officer(s) and Mr. Gracie's conduct was outrageous, done intentionally or recklessly, and/or negligently and caused Mr. Carr severe emotion distress of the type that no reasonable person should be expected to endure.

49. The Police Department, and/or the Town of Bourne and/ or the Police officers (who have to be identified with full disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims, as is Mr. Gracie.

50. The Defendant New England Security Protective Services Agency, Inc. was responsible for the actions of its duly authorized employ, Mr. Gracie, and is liable to Mr. Carr for Gracie's conduct.

51. All of the Defendants owed a duty to Mr. Carr, they breached that duty, either intentionally or negligently, and Mr. Carr has suffered harm because of their actions.

**WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES** AGAINST THE DEFENDANTS **TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.**

The Plaintiff demands trial by jury on all issues so triable.

>                        RESPECTFULLY SUBMITTED
>                        PLAINTIFF BY COUNSEL
>
>                        _____
>                        Anthony Alva, Esq.
>                        BBO#633858
>                        Box 730
>                        Barnstable, MA 02630
>                        axacuneo@gmail.com
>                        774 521-9350
>                        508 362-7770 fax

Date: 7/20/2021

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Timothy Carr <br> ADDRESS: Box 781, North Falmouth, MA 02556 | | COUNTY: Barnstable |
| | DEFENDANT(S): Town of Bourne by Selectmen, 24 Perry Ave., Bourne, MA 02532; Police <br> See the attached sheet for the complete list of Defendants and Addresses | |
| ATTORNEY: Anthony Alva, Esq. <br> ADDRESS: Box 730, Barnstable, MA 02630 | ADDRESS: See the attached list for the complete list of Defendants and addresses | SUPERIOR COURT <br> BARNSTABLE, SS <br> JUL 20 2021 <br> FILED <br> Scott W. Nickerson, Clerk |
| BBO: 633858 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Torts claim act and civil rights violattion | A | ☒ YES   ☐ NO |

*If "Other" please describe: Claim for money damages at to civil non-municipality defendants

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............. $ _____
  2. Total doctor expenses ............. $ _____
  3. Total chiropractic expenses ............. $ _____
  4. Total physical therapy expenses ............. $ _____
  5. Total other expenses (describe below) ............. $ _____
     Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............. $ _____
C. Documented property damages to dated ............. $ _____
D. Reasonably anticipated future medical and hospital expenses ............. $ _____
E. Reasonably anticipated lost wages ............. $ _____
F. Other documented items of damages (describe below) ............. $ 100,000+

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The Plaintiff was almost shot by the Bourne Police officers who made entry into his commercial rental without a warrant co-d

TOTAL (A-F): $ 100,000-plus

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ _____

Signature of Attorney/Pro-Se Plaintiff: X _____   Date: July 20, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: July 20, 2021

CONTINUATION OF THE CIVIL ACTION COVER SHEET

LISTING OF DEFENDANTS AND ADDRESSES:

1. Board of Selectmen of the Town of Bourne have an address of 24 Perry Avenue, Bourne, MA 02532. (Note the composition of the chair and board members changes on an ongoing and unpredictable basis.)

2.. The Defendant Chief of Police, of the Town of Bourn Police Department, had an address of 175 Main Street, Buzzards Bay, MA 02532, and now is 35 Armory Road, Buzzards Bay, MA 02532. (Note the actual individual chief holding that position is subject to change on an ongoing and unpredictable basis.)

3. Police Officer Timothy Derby working address now at the Bourne Police Department, 35 Armory Road, Buzzards Bay, MA 02532;

4. Police Officer Kyle Tringali working address now at the Bourne Police Department, 35 Armory Road, Buzzards Bay, MA 02532.

5. Defendant New England Security Protective Services Agency, Inc. is located at 206 Broadway, Malden, MA 02148.

6. Defendant James Gracie has an address of 6 Fifth Avenue, Bourne, MA 02532, and during the relevant time period worked as a security guard, as an independent Contractor for the Housing Assistance Corporation located at 1252 Route 28A, Cataumet, MA 02534.