UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY CARR,
Plaintiff,

VS. ) C.A. No.1:21-cv-11808

TOWN OF BOURNE, By Its Board of Selectmen;
CHIEF OF POLICE OF THE TOWN OF BOURNE;
POLICE OFFICER TIMOTHY DERBY;
POLICE OFFICE KYLE TRINGALI;
NEW ENGLAND SECURITY PROTECTIVE SERVICES AGENCY; and JAMES GRACIE,
Defendants.

**ANSWER OF DEFENDANTS TOWN OF BOURNE, By Its Board of Selectmen, CHIEF OF POLICE OF THE TOWN OF BOURNE, POLICE OFFICER TIMOTHY DERBY & POLICE OFFICE KYLE TRINGALI TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES & JURY DEMAND**

## INTRODUCTION

Defendants Town of Bourne, Chief of Police of Bourne, Officer Derby and Officer Tringali (hereinafter "Defendants") do not respond to the allegations contained in the introductory paragraph because it contains conclusions of law that do not require a response. Any factual claims asserted in the introductory paragraph are denied.

## PARTIES

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 1 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

2. Denied.

3. Denied.

4. Denied.

5. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 5 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 6 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

## FACTS

7. Denied.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 8 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 9 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 10 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

11. Denied.

12. Admitted.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 13 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Paragraph 21 of Plaintiff's Complaint references a written document which speaks for itself.

22. Denied.

23. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 23 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

24. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 24 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

25. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 25 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

**COUNT I**
**42 U.S.C. § 1983, Fourth Amendment**
**& M.G.L. c. 258**

26. The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 25 above.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 32 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

33. Denied.

**COUNT II**
**Assault**

34. The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 33 above.

35. Denied.

36. Denied.

37. Denied.

38. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 38 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

39. Denied.

## COUNT III
**Trespass**

40. The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 39 above.

41. Denied.

42. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 42 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

43. Denied.

## COUNT IV
**Emotional Distress**

44. The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 43 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 50 of Plaintiff's Complaint and therefore leave the Plaintiff to prove same.

51. Denied.

## DEMAND FOR RELIEF

Defendants deny Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The Defendants state that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Defendants state that the Plaintiff's Complaint failed to state a claim which relief can be granted in that the Defendants have no obligation to pay the Plaintiff any amount of the loss or damages alleged.

3. The Defendants state that the Plaintiff's action is time barred by the applicable statute of limitations.

4. The Defendants state that the Plaintiff failed to mitigate his damages as required by law.

5. The actions and conduct of the individual Defendants were performed according to and protected by law and/or legal process and, therefore, the Defendants cannot be held liable.

6. The individual Defendants' use of lawful means to achieve an intended result is not actionable and, therefore, the Defendants cannot be held liable.

7. The actions and conduct of the individual Defendants were privileged and, therefore, the Defendants cannot be held liable.

8. The individual Defendants cannot be held vicariously liable for the acts or omissions of other employees or officers of the municipality.

9. The actions and conduct of the Defendants were privileged and, therefore, the Defendants, cannot be held liable.

10. The individual Defendants are entitled to qualified immunity and are therefore immune from liability.

11. At all relevant times, the Defendants acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

12. The Plaintiff has not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

13. The injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by Defendants.

14. The Plaintiff, by his own acts, omissions, conduct and activities is estopped from asserting any claims against the Defendants.

15. The injuries and damages alleged were caused by the Plaintiff's own intentional or negligent conduct and not the conduct of the Defendants.

16. The injuries and damages alleged were caused by a person or entity over whom the Defendants have no responsibility or control.

17. The Defendants were justified in their acts or conduct and that therefore the Plaintiff cannot recover.

18. The Plaintiff's recovery is barred or lessened by the failure to mitigate damages.

19. The Defendants acted reasonably, within the scope of their official discretion and in a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known as to all matters alleged in the Complaint which bear on a question of State or Federal law.

20. The individual Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendants' official duties and Defendants have

no knowledge that said alleged acts were illegal and/or unconstitutional, nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were allegedly committed.

21. The Defendants answering state that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, have waived any and all rights they may have had against the Defendants.

22. The individual Defendants are entitled to immunity for their good faith discretionary actions under common law because Defendants were public officials acting within the scope of a discretionary public duty, in good faith and without malice or corruption. Breault v. Chairman of the Board of Fire Comm'rs, 401 Mass. 26, 34 (1987).

23. The Plaintiff failed to make adequate presentment of his claims under M.G.L. c. 258, § 4 and, therefore, said claim must be dismissed.

24. The defendant, Town of Bourne (and it departments), is immune from suit and liability for all intentional torts. M.G.L. c. 258, § 10(c).

25. The individual Defendants are immune from liability under M.G.L. c. 258.

26. Plaintiff's recovery is limited pursuant to the provisions of M.G.L. c. 258, § 2.

**JURY DEMAND**

The Defendants request a trial by jury.

Respectfully submitted,
The Defendants,
TOWN OF BOURNE, By Its Board of Selectmen;
CHIEF OF POLICE OF THE TOWN OF BOURNE;
POLICE OFFICER TIMOTHY DERBY;
POLICE OFFICE KYLE TRINGALI,
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Jason W. Crotty*

John J. Davis, BBO #115890
Jason W. Crotty, BBO#656313
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com
jcrotty@piercedavis.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon counsel of record as follows on November 11, 2021.

*/s/ Jason W. Crotty*

Jason W. Crotty, Esq.