UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY CARR,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF BOURNE BY ITS BOARD OF SELECTMEN, CHIEF OF POLICE OF THE TOWN OF BOURNE, POLICE OFFICER TIMOTHY DERBY, POLICE OFFICER KYLE TRINGALI, NEW ENGLAND SECURITY PROTECTIVE SERVICES AGENCY, INC., AND JAMES GRACIE,<br><br>    Defendants. | No. 21-cv-11808-DLC |

**ORDER ON DEFENDANTS JOSEPH GRACE AND NESPSA'S
MOTION FOR SUMMARY JUDGMENT**

Cabell, U.S.M.J.

I. **Introduction**

Timothy Carr ("Carr" or "the plaintiff") contends that his rights were violated when two Bourne Police Department (BPD) officers and a security guard, Joseph Grace (Grace), came to his office in the middle of the night, reportedly in response to a call from Grace. Carr contends that the officers forcibly broke into his office with weapons drawn and told him not to move. He contends that Grace took "an active role in assisting them" by

"opening the door" and "holding the door" open for the officers.[1] (Dkt. No. 1-2, ¶¶ 4-41). Carr has brought suit against Grace and his employer, NESPSA, Inc. (NESPSA);[2] Bourne Police Officers Timothy Derby and Kyle Tringali (the "officers"); the town of Bourne by its Board of Selectman; and the Bourne Chief of Police. Defendants Grace and NESPSA move for summary judgment on the single claim presently pending against them, a claim for common law trespass; the plaintiff opposes. (Dkt. Nos. 31; 35). For the reasons explained below, their motion is GRANTED.

## II. Facts

The parties agree that a surveillance video camera (without audio) positioned outside of Carr's office captured the entire incident and accurately reflects the salient events. (Dkt. No. 32-2, video recording of incident; Dkt. No. 33, ¶ 11, Defendants'

---

[1] Although Carr elsewhere in his complaint lumps the defendants together and characterizes Grace's and the officers' conduct collectively as "br[eaking] into the unit" and "ma[king] entry into Mr. Carr's rental," these characterizations appear to be more the result of imprecise phrasing rather than specific allegations regarding Grace's conduct. In that vein, Carr specifically alleges that Grace "assisted" the officers in opening the door to Carr's office, after which one or both officers then "entered the office, weapons drawn." *See* (Dkt. No. 1-2 ¶¶ 10-12, 17, 41). In any case, and as noted below, video footage of the incident makes it clear that Grace never entered Carr's office. Also, Carr refers to the allegedly trespassed space variously as his office, unit, or rental. For simplicity, the court refers to the space as his office.

[2] The court uses the defendants' correct names; they are misnamed in the complaint as New England Security Protective Services Agency, Inc., and James Gracie.

Statement of Material Facts).  Based on the video[3] and other undisputed facts, the record reflects as follows.

Carr at all relevant times rented an office space located at 1248 Route 28A, Unit 3, in Cataumet, MA.[4]  (Dkt. No. 33, ¶ 2). Grace worked as a private security guard for NESPSA.  On July 21, 2018, the officers arrived outside Carr's office space around 3:21 a.m.[5]  (Dkt. No. 32-2; Dkt. No. 33, ¶ 18).  Grace was also present. (Dkt. No. 32-2; Dkt. No. 33, ¶ 18).  While standing on the sidewalk/walkway outside Carr's office, the officers and Grace looked around with flashlights for a few minutes, including into the office's door and windows.  (Dkt. No. 32-2; Dkt. No. 33, ¶¶ 19-20).

At about 3:25 a.m., Carr -- not Grace -- opened the door to his office from the inside.  (Dkt. No. 33, ¶ 21).  Carr stood inside the threshold and spoke with one of the officers; it is not clear which officer.  (Dkt. No. 33, ¶ 23; Dkt. No. 32-2).  The parties dispute whether this officer ever crossed the threshold into Carr's office.  Grace and NESPSA contend that the officer

---

[3] Where video evidence "blatantly contradict[s] the plaintiff's version of events," facts on summary judgment are as "depicted by the video evidence." *Underwood v. Barrett*, 924 F.3d 19, 20 (1st Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)).

[4] Cataumet is a village in the town of Bourne.

[5] The parties contest whether the officers arrived in response to a call from Grace.  It is immaterial to the pending motion whether Grace, someone else, or even no one contacted the officers.

stood outside Carr's office while Carr avers that the officer entered the office, asserting that, in the surveillance video, "the officer's body position is obscured at the time of his entry." (Dkt. No. 33, ¶ 23; Dkt. No. 35, p. 2).  The court agrees that the video does not show the lower portion of the officer's body, and thus does not unequivocally reveal whether any portion of the officer's body ever crossed the threshold during the interaction. The video does show beyond dispute, however, that Grace remained outside the office at all times and held the door open while one officer interacted with Carr.  (Dkt. No. 33, ¶ 13; Dkt. No. 35, p. 2).  It is also clear from the video that, notwithstanding the allegations in the complaint, the officers did not forcibly break into Carr's office or draw their firearms.

After an interaction lasting approximately two minutes, in which the officer who spoke with Carr remained around the entrance to Carr's office, the officers and Grace walked away.  (Dkt. No. 33, ¶¶ 25-27).  Less than a minute later, Carr left his unit and followed them.  (Dkt. No. 33, ¶ 28).

### III. **Standard of Review**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "assert[ing] the absence of a genuine issue of material fact and then support[ing]

4

that assertion by affidavits, admissions, or other materials of evidentiary quality." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). "An issue is 'genuine' if it can be 'resolved in favor of either party,' and a fact is 'material' if it 'has the potential of affecting the outcome of the case.'" *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (quoting *Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016)).

Once the moving party meets its initial burden, the opposing party "bears the burden of producing specific facts sufficient to defeat summary judgment." *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations omitted). More narrowly, the opposing party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation omitted); *see Pleasantdale Condominiums, LLC v. Wakefield*, 37 F.4th 728, 733 (1st Cir. 2022) (quoting *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)) (At summary judgment, the nonmovant "must present definite, competent evidence" on "issues where [he] bears the ultimate burden of proof."); *see also Ingram v. Brink's, Inc.*, 414 F.3d 222, 229 (1st Cir. 2005) ("[S]ummary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation."). Ultimately, the court must "view the record in

the light most favorable to the non-moving party and resolve all reasonable inferences in its favor, without weighing the evidence or evaluating the credibility of the witnesses." *Sheehan v. The N. Am. Mktg. Corp.*, 610 F.3d 144, 149 (1st Cir. 2010) (citing *Clifford*, 449 F.3d at 280).

## IV. Discussion

Carr contends that Grace committed the tort of trespass by holding the door to Carr's office open while a Bourne police officer spoke with Carr. Presumably, he contends that NESPA is vicariously liable as his employer under a theory of *respondeat superior*. See *Kavanagh v. Trustees of Boston University*, 795 N.E.2d 1170, 1174 (Mass. 2003).

Under Massachusetts law, a claim of trespass requires the plaintiff to show (1) actual possession of the property at issue and (2) an unlawful entry by the defendant, that is, an intentional entry onto the property without permission or privilege. *See Fed. Ins. Co. v. Bos. Water & Sewer Comm'n*, 583 F. Supp. 2d 225, 229 (D. Mass. 2008). Actual possession is based on mere possession rather than any specific title or right to the property. *McCarthy v. Verizon New England, Inc.*, 731 F. Supp. 2d 123, 133 (D. Mass. 2010). A leasehold may qualify as actual possession. *Id.*; *Warner v. Abbey*, 112 Mass. 355, 361 (1873).

Here, the first element is satisfied where Carr leased the office and was present at the time of the alleged trespass. With

6

respect to the second element, however, Carr cannot show that Grace made an unlawful entry onto his property because Grace simply never entered Carr's office, let alone entered without permission. Notwithstanding Carr's allegation that "[Grace] made entry into Mr. Carr's rental without right or permission," the surveillance video shows indisputably that Grace did not make entry.  Grace did no more than hold the door to Carr's office open, and did that only after Carr himself had already opened the door to greet the police officer.  In short, Grace never made an entry onto Carr's property and thus did not commit a trespass.

To be sure, Carr in his opposition advances for the first time two alternative theories for finding Grace liable for trespass even assuming he never entered Carr's office, but neither is persuasive here.

First, Carr contends that Grace committed a trespass merely by using the sidewalk-walkway outside of Carr's office.  The record does not exhaustively describe the area around Carr's office, but the sidewalk-walkway appears to be shared by multiple units.  It appears to be a common walkway that people who wanted to visit Carr's office (or any other business in the same building) would necessarily need to traverse to reach their destinations.

Carr notably has not cited to any authority supporting the proposition that one may commit a trespass merely by using a common sidewalk-walkway, and the court has similarly found little

7

authority on point, but the proposition appears dubious at best. Massachusetts courts have endorsed the notion that a person using a sidewalk/walkway may be deemed to have an implied license to do so if it is the only way to reach a commercial building. *See Walker v. Georgetown Housing Auth.*, 677 N.E.2d 1125, 1128 (Mass. 1997) (citing *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45 (1983)) ("streets and sidewalks are quintessential public forums"). Similarly, the Supreme Court has noted that "a police officer, *like any other citizen*, has an implied license to walk up the path to the front door of a home and knock on the front door." *Florida v. Jardines*, 569 U.S. 1, 8 (2013) (emphasis added). In light of such precedent, as well as the absence of any countervailing authority offered by the plaintiff to support his position, the court rejects the plaintiff's argument. Grace did not commit a trespass by traversing the walkway outside Carr's office.[6]

Second, Carr suggests that, assuming the police officer with whom he interacted entered his office without permission and committed a trespass, Grace could be held liable as an aider and abettor of that trespass. To prevail on a claim of aiding and abetting a trespass, a plaintiff "must demonstrate (1) that [a third party] committed the [trespass]; (2) that [the defendant]

---

[6] For these same reasons, it would be futile to grant the plaintiff leave to amend his complaint to allege that Grace (or any defendant) committed a trespass by traversing the walkway outside his office.

knew [that the third party was] committing the [trespass]; and (3) that [the defendant] actively participated in or substantially assisted in [the] commission of the [trespass]." *Massachusetts Port Auth. v. Turo Inc.*, 166 N.E.3d 972, 981-82 (Mass. 2021) (quotation omitted); *Kurker v. Hill*, 689 N.E.2d 833, 837 (Mass. App. Ct. 1998) ("key to" aiding and abetting "cause of action is a defendant's substantial assistance, with the knowledge that such assistance is contributing to a common tortious plan").

Here, even assuming (without deciding) that a police officer improperly entered Carr's office, Carr has not adduced any evidence to suggest that Grace understood that the officer intended to enter Carr's office or that Grace substantially assisted the officer in entering the office. On the contrary, the record reflects that Carr himself opened the door, and it is that act which in turn permitted the officer to position himself in the doorway where he and the plaintiff then had an interaction. Assuming the officer (or a portion of his person) crossed the threshold during this exchange, and thus technically made entry into Carr's office, Grace played no meaningful role in that entry. It follows that he did not aid and abet a trespass. *See Stock v. Fife*, 430 N.E.2d 845, 849 n.10 (Mass. App. Ct. 1982) ("mere presence of the particular defendant at the commission of the [tort], or his failure to object to it, is not enough to charge him with responsibility").

## V. Conclusion

In light of the foregoing, the defendants' motion for summary judgment of defendants is GRANTED.  Judgment will enter in favor of defendants Joseph Grace and NESPSA.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  April 12, 2023